UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| STEVEN E. SEETS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 20-1107 |
| | ) Criminal Case No. 13-10002 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER AND OPINION

This matter is now before the Court on Petitioner Steven E. Seets' ("Petitioner") Motion to Vacate, Correct, or Set Aside Sentence under 28 U.S.C. § 2255 (D. 29) and Respondent United States of America's ("Respondent") Response to the Motion (D. 47). For the reasons set forth below, Petitioner's § 2255 Motion is DENIED as untimely.

## PROCEDURAL HISTORY

On January 16, 2013, a superseding indictment was issued where Petitioner was charged with one count of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1) and provided notice of forfeiture of all property used to commit the offense pursuant to 18 U.S.C. § 2253. (D. 1). On April 15, 2013, Petitioner entered a blind plea of guilty in open court. (Minute Entry dated 4/15/13). A Presentence Investigation Report ("PSR") was prepared and received by the Court and all parties on August 16, 2013. (D. 15). On August 19, 2013, the Court sentenced Petitioner to 176 months of imprisonment followed by ten years of supervised release. (D. 17).

Petitioner did not appeal his conviction and sentence. On March 16, 2020, Petitioner filed a § 2255 Motion. This Order and Opinion follows.

## DISCUSSION

The Court need not address the merits of Petitioner's habeas claims because the § 2255 Motion is barred by the statute of limitations. *See* 28 U.S.C. § 2255(f)(1). Section 2255 contains a one-year statute of limitations that runs from the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

On August 19, 2013, the Court entered a judgment against Petitioner. (D. 17). Petitioner had fourteen days from the entry of that judgment to file a notice of appeal. Fed. R. App. P. 4(b). Petitioner never filed a notice of appeal; therefore, the conviction became final when the deadline expired on September 2, 2013. *See Clarke v. U.S.*, 703 F.3d 1098, 1100 (7th Cir. 2013). Under § 2255(f), Petitioner had one year from the date upon which his conviction became final to file his § 2255 Motion, but he failed to do so. Instead, Petitioner waited approximately six and a half years to file his motion and has not provided the Court with any alleged facts that would trigger the applicability of equitable tolling to bar the statute of limitations.

Equitable tolling is a basis on which a movant under § 2255 can "avoid the bar of the statute of limitations." *Clarke,* 703 F.3d at 1101. It is an extraordinary remedy available to a petitioner under § 2255 who shows: "(1) that he has been pursuing his rights diligently; and (2) that some

extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (discussing equitable tolling as applied to § 2254 petition); *see also Boulb v. U.S.,* 818 F.3d 334, 339 (7th Cir. 2016). Here, Petitioner failed to demonstrate due diligence and has not claimed any extraordinary circumstance that was outside his control for the past six and half years.

Petitioner argues that despite the "exercise of due diligence, the facts underpinning his claims were not discovered until sometime around 18 March 2019, when after nearly 5 years of back and forth with Government Agencies over F.O.I.A. requests, Seets finally received the evidence necessary to substantiate his instant motion." (D. 29 at 45). Specifically, Petitioner claims, had he been aware of a forensic report the government relied upon, and had his attorney advised him of the report, he would have rejected any plea and proceeded to trial. (D. 29 at 5). The Court finds this argument to be unpersuasive.

As previously stated, Petitioner entered a blind plea. Three days before sentencing, he received a copy of the PSR, which specifically cites to the report he claims took him five years to discover. (D. 15). Despite testifying that he had read the PSR, at no point did he ask his attorney or the Court, for an opportunity to review the report prior to proceeding with sentencing. Petitioner cannot now claim that despite "exercising due diligence," he was not aware of the report and its contents until 2019. The record clearly shows the report is not "new evidence" and that Petitioner knew or should have known about the existence of the report and its contents before sentencing. (D. 15).

As a result of the foregoing, Petitioner's § 2255 Motion is untimely and must be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 proceedings requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." As such, the Court must determine whether to grant Petitioner a certificate of appealability under 28 U.S.C. § 2253(c)(2).

According to § 2253, a habeas petitioner will only be allowed to appeal issues for which a certificate of appealability has been granted." *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* (citing 28 U.S.C. § 2253(c)). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For cases in which a district court denies a habeas claim on procedural grounds, the habeas court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Consistent with the discussion above, the Court finds that no reasonable jurist would find that Petitioner's claims were not barred by the statute of limitations. Petitioner had one year from the date his judgment became final to file a habeas petition under § 2255, but he did not do so until approximately six and half years later, and no exemptions to the applicable statute of limitations apply. Accordingly, Petitioner's § 2255 Motion is untimely. Therefore, the Court declines to certify any issues for appeal pursuant to § 2253(c)(2).

## CONCLUSION

For the reasons stated above, Petitioner's [29] Motion to Vacate, Set Aside, or Correct Sentence under § 2255 is DENIED. The Court declines to issue a Certificate of Appealability. This case is now TERMINATED, and the Clerk of Court is instructed to close the case.

ENTERED on September 21, 2020.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge